IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT NOLAN DAWES,<br><br>Defendant. | CR 20-107-BLG-SPW<br><br>ORDER DENYING<br>MOTIONS IN LIMINE |

Before the Court is Defendant Robert Dawes' Motions in Limine (Doc. 25) seeking to preclude various pieces of evidence under Federal Rules of Evidence 402, 403, and 404. The Government, in its Response, states that it anticipates only seeking to admit two of the prior acts referenced by Dawes during its case-in-chief. (Doc. 31 at 2-3). The Government maintains that those two acts are admissible under Rule 404(b). The Court agrees with the Government, and Dawes' Motion is denied as to the two above-referenced acts and denied as moot as to the remaining items, as the Government does not intend to seek admission at this time, with leave to renew if those issues do arise.

I.  **Background**

Dawes is charged in the Indictment with two counts of assault against Jane Doe, a dating partner, for assault involving strangulation and assault resulting in

1

serious bodily injury. (Doc. 3). The conduct underlying Count I occurred on or about August 22, 2020, and the conduct underlying Count II occurred on or about March 8, 2017. *Id.* Dawes seeks to exclude testimony concerning 15 events, some interrelated and some not. (Doc. 26 at 2-6).

The Government states that it anticipates seeking admission of two pieces of evidence that Dawes moves to exclude. (Doc. 31 at 2-3). The Government's two events are: (1) Dawes allegedly strangled and sexually assaulted Jane Doe at the 2016 Crow Fair; and (2) Dawes allegedly beat and strangled Jane Doe in May 2017. The Government maintains these acts are admissible under Rule 404(b). *Id.* The Jane Doe from those incidents is apparently the same Jane Doe of the Indictment. *Id.* Dawes, apparently referencing all 15 pieces of evidence (including the two listed above), claims that the evidence is irrelevant and violative of Rule 402, more prejudicial than probative and violative of Rule 403, and is inadmissible under Rule 404 as character or propensity evidence. (Doc. 26 at 6-7).

## II. Analysis

Relevant evidence is evidence which has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise barred by the U.S. Constitution, a federal statute, or the rules of evidence—irrelevant evidence is not admissible. Fed. R. Evid. 402.

2

Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403.

Rule 404(a) bars admission of "[e]vidence of a person's character or a trait of character . . . for the purpose of proving action in conformity therewith on a particular occasion." *United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020) (citing *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)). However, Rule 404(b) notes that evidence of a prior crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character, but that such evidence may be admissible for another purpose, "such as proving motive. Rule 404(b) is 'one of inclusion,' and evidence of prior acts that 'bears on other relevant issues [apart from character traits]' is admissible." *Id.* (citing *United States v. Cruz-Garcia*, 344 F.3d 951, 954 (9th Cir. 2003)).

Prior "bad act" evidence may be admissible under Rule 404(b) if:

> (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) . . . the act is similar to the offense charged (similarity).

*Id.* (citing *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (parentheticals added)). The burden is on the Government to prove that the evidence satisfies these requirements. *United States v. Martin*, 796 F.3d 1101, 1106 (9th Cir. 2015). Other acts of domestic violence involving the same victim

3

are textbook examples of evidence admissible under Rule 404(b), and courts have permitted this evidence under a variety of theories. *Berckmann*, 971 F.3d at 1002.

The evidence the Government seeks to admit is material, not too remote in time, sufficiently factually supported, and is similar to the offenses charged. In *Berckmann*, following the defendant's assault of his wife with a knife, the prosecution sought to admit two prior assaults of his wife—one that occurred a year before and one from two months prior. 971 F.3d at 1001. The Ninth Circuit affirmed the district court's decision to allow the evidence, reasoning that where prior acts are against the same victim, the usual concerns about character evidence are inapplicable because it helps the jury understand the relationship between a defendant and a particular victim and involves a pattern of abuse involving the same victim. *Id.* at 1004. Like in *Berckmann*, the Government seeks to introduce the prior acts to demonstrate the history between the Defendant and Jane Doe, speaking to intent and lack of mistake, as well as to clarify motive. The evidence is material. It is not too remote. The prior acts allegedly occurred approximately a year prior and two months after, respectively, the conduct underlying Count II of the Indictment, and four years prior and three years prior, respectively, to the conduct underlying Count I of the Indictment. The Government asserts that the jury will be presented testimony from Jane Doe supporting the prior acts, along with evidence such as medical records, photographs, and witness testimony. This

is sufficient to support a finding by the jury that the Defendant committed the other act under the sufficiency prong of the 404(b) analysis. *See United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994). Finally, the prior acts are plainly similar to the charged conduct because they involve physical domestic violence committed by Defendant against Jane Doe I. Therefore, because the four prongs of 404(b), as described in *Romero*, 282 F.3d at 688, are satisfied, admission under Rule 404(b) is warranted.

Furthermore, the evidence is relevant and highly probative, and therefore admissible under Rules 402 and 403. Once again, just like in *Berckmann*, prior attacks against the same victim are highly probative, and probative evidence against a defendant is obviously prejudicial to some extent; it is not, however, *unfairly* prejudicial. 971 F.3d at 1004 (emphasis original).

### III. Conclusion

For the above reasons, Dawes' Motions in Limine are DENIED as to the two prior acts the Government indicated it intends to introduce and DENIED as moot to the remaining acts, as the Government does not intent to introduce them, with leave to renew at trial should those issues arise.

DATED this 22 day of June 2021.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge